972 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Lavon JONES, Defendant-Appellant.
 No. 91-5836.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1992.
 
 Before MERRITT, Chief Judge, and MILBURN and RALPH B. GUY, Jr., Circuit Judges.
 
 ORDER
 
 1
 Ronald Lavon Jones, a federal prisoner, appeals the sentence imposed by the district court following his conviction for drug and firearms offenses. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, both parties have executed a written stipulation waiving oral argument.
 
 
 2
 Jones was indicted in February 1991 in a nine-count superseding indictment. Upon his plea of guilty, Jones was convicted on June 24, 1991, of distributing cocaine base within 1000 feet of a school (count 1), using and carrying a firearm in relation to a drug trafficking crime (count 5), and being a felon in possession of a firearm (count 8). The remaining counts were dismissed. The district court sentenced Jones to 210 months imprisonment on count 1, 60 months (consecutive) on count 5, and 180 months (concurrent) on count 8, for a total of 270 months. In addition, Jones was sentenced to 8 years supervised release and assessed $150. Jones's total offense level of 32 included an armed career criminal enhancement and a 2-level decrease for acceptance of responsibility.
 
 
 3
 On appeal, Jones argues that his sentence was imposed in violation of law because it included irrelevant conduct and placed him in the career criminal category in violation of the prohibition against ex post facto laws and the Eighth Amendment.
 
 
 4
 Jones's offense level was based upon the armed career criminal provision of U.S.S.G. § 4B1.4 instead of the drug quantity tables following § 2D1.1. Thus, even if the district court had not included the disputed 8.4 grams of crack in the drug quantity attributed to Jones, there would have been no difference in his sentencing range. The issue is, therefore, moot. Moreover, the district court's finding that Jones's possession of 8.4 grams of crack on June 28, 1990, is relevant conduct under § 1B1.3 is not clearly erroneous. See United States v. Miller, 910 F.2d 1321, 1327 (6th Cir.1990), cert. denied, 111 S.Ct. 980 (1991).
 
 
 5
 Jones has waived his arguments relating to the armed career criminal provision of § 4B1.4 because he did not raise them before the district court. See United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992). In any event, they are meritless.
 
 
 6
 Accordingly, the district court's judgment, entered June 25, 1991, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.