**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles Devaughn COOK,**
**Defendant–Appellant.**

**No. 02–1827.**

United States Court of Appeals,
Sixth Circuit.

April 30, 2004.

John Freeman, U.S. Attorney's Office, Detroit, MI, for Plaintiff–Appellee.

Charles Devaughn Cook, Loretto, PA, pro se.

C. Mark Pickrell, Nashville, TN, for Defendant–Appellant.

Before: GUY, GILMAN, and COOK, Circuit Judges.

## ORDER

Charles D. Cook appeals his judgment of conviction and sentence. The parties have waived oral argument, and upon ex-

amination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Cook went to trial by jury on the charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The trial began with jury selection, opening statements of counsel, and the government's first witness. The district court recessed court at the end of the first day and directed everyone to return at 8:30 a.m. the following day. Cook was not present when trial began again, and defense counsel had no idea where his client was. After giving the parties an opportunity to find Cook, the district court continued the trial in Cook's absence pursuant to Fed.R.Crim.P. 43 and instructed the jury that Cook was not required to be present. Cook stayed absent for the remaining six days of trial.

At the end of the defendant's proof, the district court allowed the government to introduce evidence of efforts to find Cook over defense counsel's objection. The district court subsequently instructed the jury with respect to Cook's absence. The district court told the jury that evidence had been introduced that would allow the jury to conclude that Cook had intentionally fled and that intentional flight of a defendant after trial could be considered in light of all the other evidence in the case to determine whether the defendant had been proven guilty beyond a reasonable doubt. The district court also told the jurors that they should consider that there may be a reason for the absence of Cook that is fully consistent with innocence. Defense counsel did not object to the instruction. The jury found Cook guilty.

Cook remained a fugitive for nearly six months after the jury's verdict but was eventually apprehended and brought before the district court for sentencing. The district court applied the cross-reference

provision found in USSG § 2K2.1(c) and sentenced Cook to the statutory maximum of 120 months of imprisonment.

On appeal, Cook contends that: 1) the district court abused its discretion by allowing the jury to consider his flight during trial as evidence of his guilt; and 2) the district court improperly applied the cross-reference in USSG § 2K2.1(c) when sentencing him.

We review the district court's admission of evidence concerning the defendant's flight for abuse of discretion. *United States v. Gaitan–Acevedo,* 148 F.3d 577, 588 (6th Cir.1998); *United States v. Dillon,* 870 F.2d 1125, 1126 (6th Cir.1989).

■ Our review of the record reveals that the district court did not abuse its discretion by permitting the jury to consider Cook's flight during trial as evidence of his guilt. Cook argues that the district court improperly allowed the jury to infer his actual flight by resort to conjecture and speculation. Evidence of flight is generally admissible as evidence of guilt, and juries are given the power to determine how much weight should be given to that evidence. *United States v. Touchstone,* 726 F.2d 1116, 1119 (6th Cir.1984). Actual flight, however, may not be inferred by resort to conjecture and speculation. *Dillon,* 870 F.2d at 1128. Before evidence of flight may be considered as evidence of guilt, the flight must suggest: 1) actual flight; 2) due to a consciousness of guilt; 3) based upon the crime charged; and 4) linked to the defendant's actual guilt of the crime charged. *Gaitan–Acevedo,* 148 F.3d at 588.

The district court did not improperly allow the jury to infer Cook's actual flight by resort to conjecture and speculation. The government showed that Cook was in court for the first day of trial where he witnessed the selection of the jury, open-

ing statements, the testimony of one of the police officers that arrested him, and the district court's instruction to be back in court at 8:30 a.m. on the following day. A police officer testified that he was unsuccessful in finding Cook's whereabouts. The officer detailed his personal phone calls to area jails, police departments, hospitals and morgues. The officer also testified that he had visited Cook's residence on two occasions within the preceding six days to no avail. In light of that testimony, sufficient evidence existed to rule out plausible explanations for Cook's absence and to preclude the possibility that Cook's absence was due to something other than actual flight. Thus, the district court did not abuse its discretion.

■ The district court did not err in applying the cross-reference in USSG § 2K2.1(c). The district court cross-referenced Cook's § 922(g) conviction for possession of a firearm in accordance with § 2K2.1(c)(1)(A), concluding that Cook had used the firearm in connection with an attempt to commit a drug trafficking offense. We review the district court's legal conclusions de novo and its findings of fact for clear error. *United States v. Griffis*, 282 F.3d 443, 446 (6th Cir.2002).

A defendant convicted under 18 U.S.C. § 922(g) must be sentenced under § 2K2.1, which cross-references other guidelines sections to be used under particular circumstances. Section 2K2.1(c) is not restricted to offenses that were charged in the indictment or that resulted in a conviction, *United States v. Bronaugh*, 895 F.2d 247, 251 (6th Cir.1990), and the district court did not clearly err in determining that Cook possessed the gun in connection with drug trafficking. Cook was stopped by police officers who observed him commit a moving traffic violation. Cook could not produce a driver's license, registration, or proof of insurance. During the course of the traffic stop, the

police officers conducted a pat-down search and discovered that Cook was wearing a bullet-proof vest. The officers found a loaded handgun, more than seventeen grams of crack cocaine, and numerous Ziploc plastic bags – used to package distributable quantities of crack cocaine – side-by-side in a secret dashboard compartment where Cook was seen reaching as the officers approached his car. The presence of that quantity of cocaine in the same secret compartment as repackaging materials justifies the district court's conclusion that Cook possessed the crack cocaine with the intent that it be distributed, and justifies the district court's application of § 2K2.1(c).

Accordingly, we affirm the district court's judgment.