NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0934n.06
Filed: November 28, 2005
No. 04-6129
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT


UNITED STATES OF AMERICA,      :

     :

    Plaintiff/Appellee,      :      On Appeal from the United States District

     :      Court for the Western District of Tennessee

v.      :

     :

JOHNNIE DOBSON,      :

     :

    Defendant/Appellant.      :

     :

Before: COLE and ROGERS, Circuit Judges; BECKWITH, District Judge.[*]

Beckwith, District Judge. Johnnie Dobson appeals his sentence imposed by the district court following his guilty plea to being a felon in possession of a firearm. Dobson appeals two issues: (1) Did the district court have the authority, after *United States v. Booker*, __ U.S. __, 125 S.Ct. 738 (2005), to determine whether Dobson's prior convictions were for "violent felonies" under the Armed Career Criminal Act, 18 U.S.C.§ 924(e); and (2) Did the district court, pursuant to *Booker*, improperly calculate his Guideline sentencing range when it determined that Dobson's firearm was stolen or had an altered serial number. We affirm.

Dobson was indicted by a grand jury on two counts of violating 18 U.S.C. §922(g). He pled guilty to one of those counts pursuant to a negotiated plea agreement. As part of the plea,

---

[*] The Honorable Sandra S. Beckwith, Chief Judge, United States District Court for the Southern District of Ohio, sitting by designation.

both parties agreed that sentencing would be pursuant to the Sentencing Guidelines. A pre-sentence report calculated Dobson's offense levels and sentence range under Guidelines Chapters 2 and 3, resulting in a sentencing range of 188-235 months. Due to his prior criminal history, Dobson's sentence was also calculated under Chapter 4 as an Armed Career Criminal, which carries a statutory minimum sentence of 180 months.

Dobson timely raised a number of arguments, including several *Blakely*[1] challenges, to the pre-sentence report. After adjusting Dobson's Chapter 4 base level, and permitting the Government to introduce indictments and judgments for each prior "violent felony" conviction, the district court applied the ACCA and sentenced Dobson to the mandatory minimum of 180 months imprisonment and three years supervised release. Dobson timely appealed.

As Dobson adequately preserved his constitutional challenges to his sentence, this court reviews that sentence de novo. See *United States v. Hollingsworth*, 414 F.3d 621, 623 (6th Cir. 2005).

A.      May the District Court Determine that Dobson's Prior Convictions Are "Violent Felonies" For Purposes of the ACCA?

Dobson acknowledges that the United States Supreme Court has repeatedly held that the district court may determine the facts of a prior conviction, an exception to the general rule that juries must decide all facts used to determine a sentence. See, *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); and *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Dobson's brief in this case noted that the Supreme Court's grant of certiorari in *Shepard v. United States*, 124 S.Ct. 2871 (2004), might signal some retreat from these prior decisions. However, the opinion in

---

[1] *Blakely v. Washington*, 542 U.S. 296 (2004).

*Shepard v. U.S.*, __ U.S. __, 125 S.Ct. 1254 (2005), released after Dobson's brief was filed, puts that argument to rest. The Supreme Court did not overrule any of its prior cases, and specifically held that a judge's determination of whether a prior conviction is a "violent felony" under Section 924(e) must be based upon statutes, charging documents, written plea agreements, transcripts, and any explicit factual findings to which a defendant agreed. *Id*. at 1257. *Shepard* thus confirms that the court, and not a jury, may determine the existence of a "violent felony" upon a proper basis. Moreover, after *Booker*, this Court reaffirmed the principle that the district court's authority to determine the **existence** of prior convictions is broad enough to determine the **nature** of those convictions. *United States v. Barnett*, 398 F.3d 516, 524 (6th Cir. 2005).

The district court specifically considered Dobson's three prior indictments and the resulting convictions to properly determine that Dobson's prior convictions were "violent felonies" within the meaning of the ACCA. Dobson did not contest the nature of his prior convictions in the district court; he argued that they should be treated as one single criminal episode, an argument the district court rejected. (See Transcript of August 31, 2004 sentencing hearing, JA 62-63.) Here, Dobson does not argue that the documents concerning the three prior convictions do not support the district court's finding that each was a violent felony under Section 924(e). We therefore find no Sixth Amendment violation in Dobson's sentence under the ACCA, based upon the district court's determination of the nature of his three prior convictions.

B. Calculation of Base Offense Level Under U.S.S.G. §2K2.1(b)(4).

Dobson also challenges the district court's grant of a two-level increase under Section 2K2.1(b)(4) of the Guidelines and seeks remand for re-sentencing. Dobson argues that under

*Booker*, the district court improperly determined the factual issue that the gun he pled to possessing was stolen or had an obliterated serial number. Even if the district court may have erred in this determination, a remand for re-sentencing would be futile. The calculation of a lower sentence range under Section 2K2.1(b)(4) can not trump or alter Dobson's required minimum statutory sentence under the Armed Career Criminal Act. None of Dobson's substantial rights have been harmed by the district court's two-level increase based on its findings concerning the status of the handgun. Therefore this issue is moot.

We therefore affirm Dobson's sentence.