NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0219n.06
Filed: March 26, 2007

No. 05-2731

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| CHARLES DEVAUGHN COOK, | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:    MARTIN, COLE, and GILMAN, Circuit Judges.

**R. GUY COLE, JR., Circuit Judge.** Following Defendant-Appellant Charles Cook's jury conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), the district court sentenced him to 120 months' imprisonment, in accordance with the then-existing, mandatory United States Sentencing Guidelines. Cook appealed both his sentence and conviction, and, after we affirmed, the United States Supreme Court remanded his case for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). On remand, the district court imposed the same 120-month sentence. Cook now appeals his sentence only, contending that (1) the district court violated the Fifth and Sixth Amendments to the United States Constitution when it found facts by a preponderance of the evidence that increased his sentence; (2) the district court impermissibly double counted during its application of the Sentencing Guidelines when it used Cook's underlying

firearm conviction to both determine his Offense Level and trigger an enhancement; and (3) that his sentencing was an unreasonable application of the now-advisory Sentencing Guidelines. For the following reasons, we **AFFIRM**.

## I. BACKGROUND

On February 17, 2001, Two Detroit police officers stopped a car for violation of a traffic law. Cook, the car's lone occupant, could not produce a driver's license, registration, or proof of insurance. A pat-down search of Cook revealed that he was wearing a bullet-proof vest, and a search of the car turned up a loaded handgun, more than seventeen grams of crack cocaine, and Ziploc bags, all hidden in a secret dashboard compartment where the officers saw Cook reaching as they initially approached his car. Cook was arrested and charged in a one-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g), but was not charged with any crimes relating to the crack cocaine (e.g., possession).

After posting bond and attending the first day of trial, Cook fled. The district court issued a bench warrant and, pursuant to Federal Rule of Criminal Procedure 43, commenced the trial in Cook's absence, after determining that Cook "ha[d] voluntarily absented himself." Cook was absent for the remainder of trial, and a jury convicted him of being a felon in possession of a firearm. Cook remained a fugitive for nearly six months but was eventually apprehended and brought before the district court for sentencing.

At sentencing, the district court's initial application of the Sentencing Guidelines resulted in an Offense Level of 16 and a Criminal History Category of III, suggesting a sentencing range of 27-33 months. During the hearing, however, the district court realized that the Presentence

Investigation Report (PSR) failed to address whether the crack cocaine, found in the same secret compartment as the handgun, would affect Cook's sentence and instructed the Probation Officer to re-evaluate the sentencing recommendation.

Two weeks later, the district court conducted a second sentencing hearing with a revised PSR. At this hearing, the district court found by a preponderance of the evidence that Cook possessed crack cocaine with intent to distribute it:

> [T]he evidence that persuaded the jury beyond a reasonable doubt that the defendant was in possession of the firearm is in no way that I can think of distinguishable from the evidence that shows that the defendant was in possession of the seventeen plus grams of crack cocaine, plus packaging material. The crack cocaine was in the same secret compartment, side by side with a loaded firearm, associated with the crack cocaine, a very large quantity of crack cocaine, I might add; just orders of magnitude larger than any kind of personal-use quantity were this collection of empty ziploc bags.
>
> It's common knowledge that ziploc bags are used to package distributable quantities of crack cocaine as well as other controlled substances . . . .

*United States v. Cook*, No. 01-CV-80260-DT, 2005 WL 3447866, at *1 (E.D. Mich. Dec. 15, 2005).

In light of this finding, the district court applied the Guidelines section 2K2.1(c)(1)(a) cross reference, which ultimately required the district court to apply section 2D1.1, the drug guideline. *See* U.S.S.G. §§ 2K2.1(c)(1)(a), 2X1.1. Application of this guideline resulted in a base level of 26. The district court then, as at the first hearing, applied a two-level obstruction-of-justice enhancement, but this time also applied a two-level firearm enhancement, specific to the drug guideline, *see id.* § 2D1.1(b)(1), resulting in a total Offense Level of 30. Although Cook's Criminal History Category remained unchanged at III, the Guidelines now suggested a sentencing range of 121-151 months

because of his increased Offense Level. Because, under 18 U.S.C. § 922(g), the statutory maximum for a felon-in-possession charge was 120 months, the district court sentenced Cook to 120 months' imprisonment, one month beneath the low end of the suggested sentencing range. Cook appealed.

On appeal, Cook contended that (1) the district court abused its discretion by allowing the jury to consider his flight during trial as evidence of his guilt, and (2) the district court improperly applied the section 2K2.1(c)(1)(a) cross reference. *United States v. Cook*, 102 F. App'x 888, 889 (6th Cir. 2004). This Court affirmed both Cook's conviction and sentence. *Id*. After this Court's decision, however, the United State Supreme Court vacated Cook's sentence and remanded for resentencing in light of *Booker*. *Cook v. United States,* 543 U.S. 1100 (2005).

Back at the district court, Cook first argued that application of the section 2K2.1(c)(1)(a) cross reference violated his Fifth Amendment due process rights and his Sixth Amendment right to trial by jury because a jury did not expressly find, beyond a reasonable doubt, that he possessed crack cocaine with intent to distribute it. According to Cook, the district court committed constitutional error when it relied on facts proved to a mere preponderance of the evidence to increase his sentence. The district court rejected this argument after concluding that it was contrary to established authority post-*Booker*. Next, Cook argued, for the first time, that the two-level firearm enhancement constituted double counting because the firearm conviction both determined his base offense level and triggered an enhancement. The district court rejected this argument also, explaining that because the statutory maximum for the felon-in-possession conviction was 120 months' imprisonment, the appropriate sentence for Cook's conduct was 120 months whether or not it applied the two-level firearm enhancement. "For clarity of the record," however, the court overruled Cook's objection and

applied the two-level firearm enhancement. Cook again appealed.

## II. DISCUSSION

### A. Constitutional Challenge

First, Cook argues that his sentence violates the Fifth and Sixth Amendments to the United States Constitution because the district court relied on judge-found facts (i.e., that Cook was in possession of crack cocaine) proved to a mere preponderance of the evidence to enhance his sentence. Cook maintains that all facts that enhance a sentence must be charged in the indictment and proved to a jury beyond a reasonable doubt. Cook's challenge, however, is squarely foreclosed by our decision in *United States v. Gates*, 461 F.3d 703 (6th Cir. 2006). In *Gates*, we held that "judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury." *Id*. at 708. Thus, Cook's challenge is meritless.

### B. Double Counting

Cook next argues that the district court improperly double counted when it applied both the section 2K2.1(c)(1)(a) cross reference, which instructed the district court to apply the drug guideline instead of the firearm guideline, and the two-level firearm enhancement, found in section 2D1.1(b)(1). Double counting "occurs when precisely the same aspect of a defendant's conduct factors into his sentence in two separate ways." *United States v. Farrow*, 198 F.3d 179, 193 (6th Cir. 1999). In essence, Cook maintains that "[t]o add to the narcotics offense level, chosen only to reflect the circumstances of the weapons offense[], an [enhancement] for possessing weapons is tantamount to adding an increase on the basis that [he] possessed weapons in the course of possessing weapons."

*United States v. Concepcion*, 983 F.2d 369, 389-90 (2d Cir. 1992).

We need not reach the merits of Cook's double-counting challenge because its resolution will not affect Cook's sentence. *See, e.g.*, *Williams v. United States*, 503 U.S. 193, 203 (1992) ("[I]n determining whether a remand is required . . . , a court of appeals must decide whether the district court would have imposed the same sentence had it not relied upon the invalid factor or factors."); *United States v. Dobson*, 155 F. App'x 857, 859 (6th Cir. 2005) (finding a Guidelines challenge moot where defendant's sentence would remain unchanged on remand even if the challenge were successful); *United States v. Jones*, No. 91-5836, 1992 WL 198566, at *1 (6th Cir. Aug. 18, 1992) ("[E]ven if the district court had not included the disputed 8.4 grams of crack in the drug quantity attributed to [defendant], there would have been no difference in his sentencing range. The issue is, therefore, moot."). The district court's sentencing order is clear: "[it] would [have] impose[d] the same sentence whether or not it applie[d] the two-level firearm enhancement." *Cook*, 2005 WL 3447866, at *5. The district court made this point more than once, including the following lengthy statement:

> [I]f the court does not apply the two-level firearm enhancement, Defendant's total offense level would be twenty-eight. With his criminal history category of III, the applicable Guideline Range is 97 to 121 months imprisonment. If, on the other hand, the court does apply the two-level firearm enhancement, Defendant's offense level would be thirty, making the applicable Guideline Range 121 to 151 months imprisonment. The statutory maximum for this offense, under the charge listed in the indictment, is ten years. *See* 18 U.S.C. § 924. Thus, under either scenario the court is restricted to imposing a total sentence of the statutory maximum of 120 months imprisonment. *The court finds that, no matter which Guideline Range the court applies, the appropriate sentence for Defendant's conduct is 120 months imprisonment.* For clarity of the record, the court will overrule Defendant's objection, apply the two-level firearm enhancement, and find that the appropriate offense level is thirty.

*Id*. (emphasis added).

Therefore, a determination by this Court that the district court improperly double counted when it applied the two-level firearm enhancement will "have *absolutely no impact* on [Cook's] sentence." *United States v. Hurst*, No. 92-6316, 1993 WL 272514, at *5 (6th Cir. July 21, 1993) (per curiam); *accord Williams*, 503 U.S. at 203 ("If the party defending the sentence persuades the court of appeals that the district court would have imposed the same sentence absent the erroneous factor, then a remand is not required . . . ."). We accordingly decline to address the merits of Cook's double-counting claim, rejecting it as moot.

## C. Reasonableness of Cook's Sentence

Finally, Cook challenges the reasonableness of his sentence. This Court reviews a district court's legal interpretations of the Sentencing Guidelines de novo. *United States v. Jones*, 107 F.3d 1147, 1161 (6th Cir. 1997). It reviews factual findings for clear error. *United States v. Winston,* 37 F.3d 235, 240 (6th Cir. 1994). As the Sentencing Guidelines are now advisory, this Court reviews final sentences for reasonableness. *United States v. Harris*, 397 F.3d 404, 409 (6th Cir. 2005).

A sentence within the applicable Guidelines advisory range is presumptively reasonable. *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006). Here, regardless of whether the district court sentenced Cook with the allegedly problematic two-level firearm enhancement, Cook received a sentence within the Guidelines range.[1] Therefore, his sentence is entitled to a presumption of

---

[1]Application of the two-level firearm enhancement yields an advisory range of 121-151 months' imprisonment. Because, however, even the lowest end of this range is greater than the statutory maximum for a conviction under 18 U.S.C. § 922(g), Cook's applicable guideline "range"

reasonableness.

In reviewing a sentence for reasonableness, however, the fact that a sentence is within the Guidelines advisory range does not necessarily render it reasonable absent evidence that the district court imposed a sentence "sufficient, but not greater than necessary to comply with the purposes" of sentencing as defined by the factors set forth in 18 U.S.C. § 3553(a). *See United States v. Foreman*, 436 F.3d 638, 644 (6th Cir. 2006); *United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006) ("Once the appropriate advisory Guideline range is calculated, the district court throws this ingredient into the section 3553(a) mix."). "A sentence within the Guidelines carries with it no implication that the district court considered the § 3553(a) factors if it is not clear from the record." *Foreman*, 436 F.3d at 644.

This Court has split reasonableness review into two inquiries: procedural reasonableness and substantive reasonableness. *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006).

a. Procedural Reasonableness

"A sentence may be procedurally unreasonable if 'the district judge fails to "consider" the applicable Guidelines range or neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration.'" *Id.* (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)).

Here, the district court, in its resentencing order, first properly calculated the Guidelines

is simply 120 months' imprisonment, the statutory maximum. *See* U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline range.").

range, acknowledging its advisory nature. The court then went on to "throw[] this ingredient into the section 3553(a) mix." *See McBride*, 434 F.3d at 476. In doing so, the court independently considered and faithfully applied the § 3553(a) factors:

> In making this determination, the court notes that Defendant has numerous arrests and convictions, and that his previous punishments have not deterred him from committing additional crimes. In this case, the circumstances surrounding his current conviction are sufficiently serious to justify imposition of the statutory maximum. Wearing a bullet proof vest in connection with the presence of a loaded handgun and over seventeen grams of cocaine base in a secret compartment of a car seem to the court indicative of a serious criminal state of mind. Moreover, Defendant's flight from trial also bears consideration in connection with his sentencing. Simply put, this is not the run of the mill felon possession case. In order to protect the public from future offenses of this Defendant and to specifically deter Defendant from continuing his life as a career criminal, the court finds a significant penalty to be necessary. The court finds this sentence to be "sufficient, but not greater than necessary" and reasonable under the particular facts of this case.
>
> In consideration of Defendant's request for substance abuse treatment, the court will recommend to the Bureau of Prisons that Defendant be placed at a facility offering a Comprehensive Drug Treatment Program.

*Cook*, 2005 WL 3447866, at *7 (footnote and citation omitted).

Indeed, the district court specifically set forth its treatment of substantially all the § 3553(a) factors. The district court discussed the need to deter Cook and to protect the public. *See* 18 U.S.C. § 3553(a)(2)(B). The district court noted the nature and circumstances of the offense and Cook's history and characteristics. *See id.* § 3553(a)(1). In discussing the circumstances attendant to the conviction (i.e., bullet-proof vest, cocaine, handgun), the district court addressed the seriousness of the offense, s*ee id.* § 3553(a)(2)(A), and the likelihood that Cook would commit future crimes, *see id.* § 3553(a)(2)(C). Finally, the district court discussed the need to provide correctional treatment for Cook in the most effective manner by placing him in a facility offering a comprehensive drug-

treatment program. *See id.* § 3553(a)(2)(D).

For procedural reasonableness, this is all that this Court requires. *See United States v. Davis*, 458 F.3d 491, 495 (6th Cir. 2006) (noting that a sentence "satisfies each of [the] procedural requirements and indeed can fairly be described as a thorough application of the § 3553(a) factors" where the judge used the appropriate version of the Guidelines and correctly calculated the Guidelines range, considered the availability of Guidelines departures, and independently considered and faithfully applied each of the § 3553(a) factors); *Collington*, 461 F.3d at 809 (deeming a sentence procedurally reasonable even though the district court did not explicitly name each of the § 3553(a) factors it used to arrive at the sentence). We therefore hold that the district court imposed a procedurally reasonable sentence.

### b. Substantive Reasonableness

"A sentence may be considered substantively unreasonable when the district court 'select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor.'" *Collington*, 461 F.3d at 808 (quoting *Webb*, 403 F.3d at 385).

Here, there is nothing to indicate that the district court imposed an arbitrary sentence, based the sentence on impermissible factors, failed to consider pertinent § 3553(a) factors, or gave an unreasonable amount of weight to one factor. To the contrary, the district court carefully reviewed and weighed all relevant information provided by Cook, the Government, and the Probation Officer before arriving at Cook's sentence. The district court's final sentence was not random, but a reflection of its consideration of the Guidelines range and the § 3353(a) factors. *See, e.g., id.* at 810;

*United States v. Ely*, 468 F.3d 399, 404 (6th Cir. 2006); *United States v. Jackson*, 466 F.3d 537, 540 (6th Cir. 2006).

Nonetheless, Cook argues that his sentence is unreasonable in light of his post-sentencing rehabilitative efforts, which included voluntary completion of a drug-treatment program and various education courses available through the Bureau of Prisons. Cook's argument, however, is foreclosed by our decision in *United States v. Worley*, 453 F.3d 706 (6th Cir. 2006). In *Worley*, we held that a defendant's post-sentencing efforts at rehabilitation while incarcerated were not relevant to rebut the presumption that his sentence, which fell within the proper Guidelines range, met the reasonableness standard. *Id.* at 710-11. We therefore hold that Cook's sentence was also substantively reasonable.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the sentence imposed by the district court.