**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0344n.06
Filed: May 11, 2007

Nos. 06-5008, 06-5010, 06-5011

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| v. | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **HILARIO ZUNIGA, REUBEN SANTIAGO,** | ) | **O P I N I O N** |
| **ABEL SANTIAGO**, | ) | |
| | ) | |
| *Defendants-Appellants*. | ) | |
| | ) | |
| | ) | |
| | ) | |

**BEFORE:** KEITH and COLE, Circuit Judges; and OLIVER, District Judge.[*]

**R. GUY COLE, JR., Circuit Judge**. A jury convicted defendants-appellants Hilario Zuniga, Reuben Santiago, and Abel Santiago (collectively, the Defendants) of various crimes stemming from the breakup of an organization dedicated to the distribution of large amounts of cocaine and marijuana. The Defendants appealed their convictions, and this Court affirmed but remanded their cases for resentencing in accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). On remand, the district court imposed the same sentences as before, and the Defendants again appealed. The Defendants now challenge their sentences only. All three Defendants argue that the district court violated their Sixth Amendment rights when it

---

[*]The Honorable Solomon Oliver, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

found facts by a preponderance of the evidence that increased their sentences.  Additionally, Abel

Santiago challenges the procedural reasonableness of his sentence.  For the following reasons, we

**AFFIRM**.

## I.  BACKGROUND

The Defendants' convictions stem from the breakup of an extensive organization dedicated

to the sale of massive amounts of cocaine and marijuana, headquartered at a several-hundred-acre

farm in eastern Tennessee.  *United States v. Santiago*, 135 F. App'x 816, 817 (6th Cir. 2005).  An

FBI investigation into the organization—utilizing wire intercepts, persistent surveillance,

confidential informants, and the execution of nineteen search warrants—resulted in the Defendants,

as well as thirteen other individuals, being charged 77-count indictment for conspiracy to distribute,

and distribution of, marijuana and cocaine.  *Id*. at 818.  Only the three Defendants proceeded to trial;

the thirteen others pleaded guilty.  *Id*.

A jury convicted Hilario Zuniga of conspiracy to distribute in excess of 1,000 kilograms of

marijuana, conspiracy to distribute over five kilograms of cocaine, and distributing over 100

kilograms of marijuana.  *Id*. at 817.  The district court sentenced Hilario Zuniga to 188 months'

imprisonment.  *Id*.  The same jury convicted Reuben Santiago of conspiracy to distribute over 1,000

kilograms of marijuana, conspiracy to distribute over five kilograms of cocaine, use of a

communication device to facilitate the distribution of a controlled substance, and distribution of a

quantity of cocaine.  *Id*.  The district court sentenced Reuben Santiago to 210 months' imprisonment.

*Id*.  Finally, the jury convicted Abel Santiago of operating a continuing criminal enterprise,

conspiracy to distribute in excess of 1,000 kilograms of marijuana, conspiracy to distribute over five

kilograms of cocaine, five counts of distribution of cocaine, and one count of distributing over 100 kilograms of marijuana. *Id.* The district court sentenced Abel Santiago to 360 months' imprisonment. *Id.*

The Defendants appealed, challenging various aspects of their convictions; they did not, however, challenge their sentences. *Id.* This Court affirmed their convictions and remanded for resentencing in light of the Supreme Court's decision in *Booker*. *Id.* at 823-24. On remand, the district court resentenced each defendant to the same term of imprisonment as before.

The district court resentenced Hilario Zuniga to 188 months' imprisonment. The court grouped Hilario Zuniga's three interrelated drug convictions, *see* U.S.S.G. § 3D1.2(d), and assigned him a base offense level of 32, holding him accountable for the distribution of at least 1,000 kilograms, but less than 3,000 kilograms, of marijuana. *See id.* §§ 2D1.1(a)(3), (c)(4). The court then applied a two-level obstruction-of-justice enhancement, under § 3C1.1, after finding by a preponderance of the evidence that Hilario Zuniga committed perjury when he "testified at trial that he had never been involved with marijuana in spite of the fact that he had been convicted in the past of trafficking in more than 10,000 pounds of marijuana. In addition, . . . marijuana was found in the brick house, a house that [Hilario Zuniga] frequented." (JA 391.) The court also applied a two-level firearms enhancement, under § 2D1.1(b)(1), finding by a preponderance of the evidence that Hilario Zuniga possessed firearms in connection with the conspiracy to distribute marijuana and cocaine. (JA 390.) Specifically, the court noted that "a firearm was found in [Hilario Zuniga]'s bedroom under his pillow," and "[o]ther firearms were found in his house and in the brick house where the marijuana was stored." (JA 390.) These enhancements raised Hilario Zuniga's total offense level to

36. Based on a criminal history category of I, the Guidelines suggested a sentencing range of 188 to 235 months' imprisonment. (JA 391.) The district court sentenced Hilario Zuniga to 188 months' imprisonment, concluding that the low end of the Guidelines range would appropriately reflect the seriousness of the offense, provide just punishment, and provide adequate deterrence. (JA 391.)

The district court resentenced Reuben Santiago to 210 months' imprisonment. The district court grouped Reuben Santiago's four interrelated drug convictions, *see* U.S.S.G. § 3D1.2(d), and assigned him a base offense level of 32, holding him accountable for the distribution of at least 1,000 kilograms of marijuana and at least five kilograms of cocaine. *See id.* §§ 2D1.1(a)(3), (c)(4). The court rejected the Government's contention that a preponderance of the evidence showed that Reuben Santiago was responsible for the distribution of an additional 10 kilograms of cocaine, which would have increased Reuben Santiago's base offense level to 34. (JA 380, 382.) The district court did, however, apply a two-level obstruction-of-justice enhancement, under § 3C1.1, after finding by a preponderance of the evidence that Reuben Santiago sent letters to a witness stating that if she testified against Reuben or Abel Santiago, she and her child would be hurt. (JA 380-81, 413.) This finding was based primarily on that witness's testimony, confirming Reuben Santiago's credible threats. (JA 380-81.) With this enhancement, Reuben Santiago's total offense level increased to 34. Because Reuben Santiago had a prior conviction for cocaine possession, his criminal history category was II, suggesting a sentencing range of 168 to 210 months' imprisonment. (JA 382-83.) The district court sentenced Reuben Santiago to 210 months' imprisonment, concluding that the high end of the Guidelines range was reasonable and would appropriately reflect the seriousness of the offense, provide just punishment, protect the public, and deter similar criminal conduct. (JA 382-83.)

The district court resentenced Abel Santiago to 360 months' imprisonment. Although the jury found Abel Santiago responsible for the distribution of at least 1,000 kilograms of marijuana and at least five kilograms of cocaine, the district court found by a preponderance of the evidence that Abel Santiago was responsible for 50 to 150 kilograms of cocaine, making his base offense level 36. (JA 362-63.) This finding was based on evidence adduced at trial, showing that Abel Santiago "was one of the leaders of the conspiracy that distributed thousands of kilos of controlled substances from Harloff Farms[, and that it] appear[ed] that this drug conspiracy lasted for at least three years." (JA 362.) The district court then increased Abel Santiago's offense level four levels because he was convicted under 21 U.S.C. § 848 of continuing a criminal enterprise. U.S.S.G. § 2D1.5; (JA 363.) The court also applied a two-level firearms enhancement, after finding by a preponderance of the evidence that Abel Santiago possessed firearms in connection with the conspiracy. Specifically, the court noted that multiple firearms were found in his house during the FBI's search. (JA 363.) These enhancements raised Abel Santiago's total offense level to 42. Based on a criminal history category of I, the Guidelines suggested a sentencing range of 360 months' to life imprisonment. (JA 363.) The district court sentenced Abel Santiago to 360 months' imprisonment, concluding that the low end of the Guidelines range would appropriately reflect the seriousness of the offense, provide just punishment, protect the public, and deter similar criminal conduct. (JA 363-64.)

The Defendants again appealed.

## II. ANALYSIS

### A. Preponderance-of-the-Evidence Judicial Factfinding

All three Defendants argue that their sentences violate the Sixth Amendment because the

district court relied on judge-found facts proved to a mere preponderance of the evidence to increase their sentences. The Defendants all maintain that facts that enhance a sentence must be proved to a jury beyond a reasonable doubt. We review the constitutionality of a sentence de novo. *Costo v. United States*, 904 F.2d 344, 346 (6th Cir. 1990).

The Defendants' challenge is squarely foreclosed by this Court's decision in *United States v. Gates*, 461 F.3d 703 (6th Cir. 2006). In *Gates*, this Court held that "judicial fact-finding in sentencing proceedings using a preponderance of the evidence standard post-*Booker* does not violate either Fifth Amendment due process rights, or the Sixth Amendment right to trial by jury." *Id*. at 708. It is irrelevant that the Defendants' convictions were the results of jury verdicts as opposed to guilty pleas. *See, e.g.*, *United States v. Cook*, No. 05-2731, 2007 WL 930212 (6th Cir. Mar. 26, 2007) (approving of sentencing enhancement based on preponderance-of-the-evidence judicial factfinding even though jury convicted defendant); *United States v. Lewis*, 476 F.3d 369 (5th Cir. 2007) (same); *United States v. Luster*, 480 F.3d 551 (7th Cir. 2007) (same); *United States v. Thundershield*, 474 F.3d 503 (8th Cir. 2007) (same); *United States v. Perez-Oliveros*, 479 F.3d 779 (11th Cir. 2007) (same). Thus, the Defendants' constitutional challenge is meritless.

**B. Procedural Reasonableness of Abel Santiago's Sentence**

Abel Santiago argues that his sentence was procedurally unreasonable because the district court failed to consider all of the 18 U.S.C. § 3553(a) factors. As the Sentencing Guidelines are now advisory, this Court reviews final sentences for reasonableness. *United States v. Harris*, 397 F.3d 404, 409 (6th Cir. 2005).

"A sentence may be procedurally unreasonable if 'the district judge fails to "consider" the

applicable Guidelines range or neglects to "consider" the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration.'" *United States v. Collington*, 461 F.3d 805, 808 (6th Cir. 2006) (quoting *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005)).

Here, the district court first properly calculated the Guidelines range and acknowledged its advisory nature. The court then went on to "throw[] this ingredient into the section 3553(a) mix." *United States v. McBride*, 434 F.3d 470, 476 (6th Cir. 2006). In doing so, the court independently considered and faithfully applied the relevant § 3553(a) factors. The court began by noting that Abel Santiago was 44 years old, had one prior conviction, had no history of drug use, and had a high-school education. (JA 362-63); *see* 18 U.S.C. § 3553(a)(1). The court also explained the nature and circumstances of the offense when it described Abel Santiago as the leader of a conspiracy that distributed thousands of kilograms of marijuana and cocaine for a period lasting at least three years. (JA 362); *see* 18 U.S.C. § 3553(a)(1). In sentencing Abel Santiago at the low end of the suggested range, the court noted that the sentence reflected the seriousness of the offense, *see id.* § 3553(a)(2)(A), provided just punishment, *see id.* § 3553(a)(2)(A), would protect the public, *see id.* § 3553(a)(2)(C), and would afford adequate deterrence, *see id*. § 3553(a)(2)(B). (JA 362-64.)

For procedural reasonableness, this is all that this Court requires. *See United States v. Davis*, 458 F.3d 491, 495 (6th Cir. 2006) (noting that a sentence "satisfies each of [the] procedural requirements and indeed can fairly be described as a thorough application of the § 3553(a) factors" where the judge used the appropriate version of the Guidelines and correctly calculated the Guidelines range, considered the availability of Guidelines departures, and independently considered

and faithfully applied the relevant § 3553(a) factors). Procedural reasonableness does not require that a district court provide a rote listing or some other ritualistic incantation of the relevant § 3553(a) factors. *See Collington*, 461 F.3d at 809; *United States v. Williams*, 436 F.3d 706, 708-09 (6th Cir. 2006). Nor must a district court explicitly consider each of the § 3553(a) factors; "a sentence is procedurally reasonable if the record demonstrates that the sentencing court addressed the relevant factors in reaching its conclusion." *United States v. Trejo-Martinez*, 481 F.3d 409, 413 (6th Cir. 2007) (citing *McBride*, 434 F.3d at 475-76 & n.3). Therefore, Abel Santiago's sentence was procedurally reasonable.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the Defendants' sentences.